(80 South. 882)

## STONE v. PRATT CONSOL. COAL CO.
(6 Div. 788.)

(Supreme Court of Alabama. Jan. 16, 1919.
Rehearing Denied Feb. 6, 1919.)

1. EVIDENCE ⊙═472(4)—OPINION EVIDENCE—MATTERS FOR JURY.

In a miner's action for personal injuries, due to the fall of a roof, evidence by plaintiff as to his opinion of his duty to prop or inspect the roof was properly excluded; such duty being a question of law, fixed by statute on ascertained facts.

2. NEGLIGENCE ⊙═122(2)—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE—PLAINTIFF'S EVIDENCE.

In action for personal injuries, due to fall of roof in mine, where proof of contributory negligence was furnished by plaintiff himself as witness, affirmative charge for defendant was not erroneous.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by John Stone against the Pratt Consolidated Coal Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Leith & Powell, of Jasper, for appellant. J. H. Bankhead, Jr., and M. E. Nettles, both of Jasper, for appellee.

MAYFIELD, J. Appellant, plaintiff below, while working in the coal mine of defendant, received personal injuries by a falling rock from the roof of a room in which he was working. The evidence was in conflict, even that of plaintiff himself, as to whether he was an employé of appellee, defendant below, or of an independent contractor, who had a contract to mine coal from the mine of defendant.

The complaint contained eight counts, but demurrers were sustained to three of the counts, being counts 1, 3, and 5, and overruled as to the others. Some of the counts declare on the common-law duty of the master, others were brought under the first subdivision of the Employers' Liability Act (Code 1907, § 3910), and some declare as if plaintiff were a servant or agent of an independent contractor. To these counts the defendant filed 13 pleas, setting up assumption of risk and contributory negligence. No demurrers were interposed to the first 12, but one was interposed and overruled as to the thirteenth.

The trial was had on these issues, as above indicated, and at the conclusion of the evidence the trial court at the request of the defendant in writing gave the affirmative charge to find for the defendant, and the jury so found, and judgment was entered accordingly, from which plaintiff p. osecutes this appeal.

There was no error as to the rulings on the pleadings, and, if so, it affirmatively appears to have been without possible injury; and there is scarcely any insistence in brief or argument as to these rulings, further than to repeat the assignments of error thereto.

Each of the counts to which demurrers were sustained were clearly bad for reasons pointed out by the demurrers; and, moreover, plaintiff had counts on which the case was tried, of which he had all the advantage he could have had under either of these counts, if they had been held good.

As to plea 13, it was not subject to any defect, which was sufficiently pointed out by demurrer, or insisted upon, and, if the demurrer had been sustained to it, there were several other pleas, as to which no demurrers were interposed, on which the defendant was entitled to the affirmative charge, as given.

[1] There was no error in declining to allow the plaintiff to testify that it was not his duty to prop the roof which fell. The record shows he was allowed to testify fully as to all facts relating thereto, to which he could testify. As to whether or not it was his duty to prop or inspect the roof at the point in question was a question of law, fixed by statute, when the facts were ascertained, and the court properly declined to allow the plaintiff to give his opinion as to what was his duty as to propping or inspecting. The record affirmatively shows the plaintiff suffered no detriment by these rulings on the evidence.

[2] The only evidence which tended to show any negligence proximately contributing to the injury was the negligence of the plaintiff himself. Several of the pleas of contributory negligence were proven by the plaintiff himself as a witness; hence there was no error in giving the affirmative charge as requested.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.